LUDWIG H. BRANDL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brandl v. Commissioner
Docket No. 2761-72.
United States Tax Court
T.C. Memo 1974-160; 1974 Tax Ct. Memo LEXIS 160; 33 T.C.M. (CCH) 688; T.C.M. (RIA) 74160; June 19, 1974, Filed. Charles A. Matuszynski, for the petitioner. James E. Dunn, Jr., for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $3,211.43 in petitioner's 1969 income tax. The only question remaining for decision is whether certain of petitioner's expenses incurred during 1969 are deductible as "traveling expenses * * * while away from home" under section 162(a) (2). [1]
*161 FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time the petition was filed herein Ludwig H. Brandl (hereafter referred to as petitioner) was an unmarried individual residing in Toledo, Ohio. [2] He filed his Federal income tax return for taxable year 1969 with the district director of internal revenue, Cleveland, Ohio. Petitioner was born in West Germany and he resided there until 1951 when, at the age of 19, he immigrated to Canada. Sixteen years later, in April 1967 petitioner became a Canadian citizen and he remained one during the year in question. Petitioner initially entered the United States in October 1967 at which time he began work for the Strong Electric Co. (Strong), a manufacturer of lighting equipment. Because of a visa problem he returned to Canada in mid-January 1969 and conducted business for Strong but reentered the United States on April 4, 1969, with an immigration visa. During calendar year 1969 petitioner was employed by Strong as a traveling technical representative of the marketing *162 department. His duties consisted of visiting, assisting and selling to dealers throughout the United States who sold Strong equipment and consequently he did a great deal of traveling. Strong's headquarters are located in Toledo, Ohio. Petitioner neither owned nor rented an apartment or house in Toledo, however. When petitioner was in Toledo he either stayed at a motel or with his brother and sister-in-law who owned a house in Toledo. When petitioner stayed with his brother he paid no rent but he did help pay for groceries, items for the house, and worked around the house doing maintenance and remodeling. Petitioner did not call upon customers in Toledo since Strong's headquarters handled the Toledo area. His territory consisted of the continental United States and Canada. Generally he was away from Toledo visiting customers from four to six weeks but on occasion up to three months. When petitioner traveled he stayed in hotels. When petitioner was at Strong headquarters in Toledo he took care of paper work, letters to customers he had visited, and helped with general office work of the marketing department. During 1969, petitioner spent a total of approximately two and *163 one-half to three months in Toledo. Petitioner received personal mail at his brother's home in Toledo and he had an Ohio driver's license. For the year 1969, Strong paid petitioner $8,288.68 for petitioner's travel expenses but petitioner did not include that amount in income. Petitioner did not claim a deduction for traveling expenses while away from home. In the statutory notice of deficiency respondent asserted that the $8,288.68 should be included in petitioner's income. Petitioner does not contest the additional income, but he argues that he is entitled to an offsetting deduction for traveling expenses while away from home. OPINION The controversy in the present case centers on the issue of whether petitioner had a home to be away from within the meaning of section 162(a) (2). Petitioner contends that his "home" for tax purposes was Toledo because that was the location of his employer's headquarters. Respondent asserts, on the other hand, that petitioner's "home" was wherever he happened to be working at a given time. The word "home" as used in section 162(a) (2) has been interpreted in different ways by various circuits. Compare *164 (C.A. 6, 1968), and (C.A. 6, 1974), with (C.A. 2, 1971), and (C.A. 2, 1971), certiorari denied . We note that an appeal in the instant case would be to the Sixth Circuit which has generally defined "home" as a taxpayer's principal place of business. It, therefore, appears initially that petitioner might prevail. The Sixth Circuit has recognized, however, that unusual cases may arise under section 162(a) (2). , footnote 2. In that context it has approved of the result in Rosenspan because the taxpayer in that case did not have a duplication of expenses. Rosenspan involved facts very similar to the present case. The taxpayer was a jewelry salesman, employed by jewelry firms in New York, who traveled in the Middle West for approximately 300 days a year. Five or six times a year he returned to New York where he spent time at his employers' offices performing various duties. Rosenspan used his brother's home in Brooklyn for storing clothing and *165 he used his brother's address for personal correspondence, registering, voting and for filing income tax returns. When Rosenspan was in New York he sometimes stayed with his brother, but more often took a room at an inn. It was determined by the Second Circuit that Rosenspan was not entitled to deduct the expenses he incurred while traveling since he had no "home" in the sense intended in section 162(a) (2). Other cases having similar factual situations have also denied deductions for traveling expenses, see (C.A. 9, 1962); , and petitioner has failed in his attempts to distinguish them. Accordingly, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended. ↩
2. The use of the word "residing" is for purposes of section 7482 only and is not intended to affect the substantive issue herein. ↩